Brian K. Jackson, LLC
Brian K. Jackson (15296)
341 South Main Street, Suite 500
Salt Lake City, Utah 84111
Telephone (801) 441-8922
Fax: (801) 534-1948
brianj@bjacksonlaw.com
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Troy Howard,<br>      Plaintiff,<br>v.<br>C.R. England,<br>      Defendants. | **VERIFIED COMPLAINT**<br>**(PROPOSED CLASS ACTION)**<br><br>Civil No.: 2:18-cv-00268<br><br>Judge<br><br>***JURY TRIAL REQUESTED*** |

Plaintiff, Troy Howard, by and through their legal counsel, Brian K. Jackson of Brian K. Jackson, LLC in the United States District, Central Division in the State of Utah hereby alleges and complain the following facts and requests this court that compensation for damages that have been incurred thereby be entered based on the foregoing legal causes of actions:

### PARTIES, JURISDICTION, VENUE, AND DISCOVERY TIER

1.      Plaintiff, Trow Howard is resident of the state of Harvey, Illinois, Cook County and entered into an employment contract with defendant, "C.R. England."

2.      Defendant, "C.R. England" is a corporation whose primary place of business is in

Salt Lake City, Utah and is in the business of contracting and offering goods with companies for shipments of goods through the fleet of Semi-Trucks.

3. Venue is proper in this court as Defendant's primary place of business in located in Salt Lake County, Utah.

4. Subject matter jurisdiction and personal jurisdiction is proper subject as this is an action arising out of an agreement and and legal causes of action in tort that occurred while Plaintiff was an employee of the company of which this court has original jurisdiction,

5. This court has diversity jurisdiction as it involves two parties from different states and the amount in controversy exceeds $75,000 as well as federal question jurisdiction under the Federal Labor Standards Act of 1938.

## GENERAL ALLEGATIONS

### I. Class Action Allegations

6. The definition of "class" shall be all employees of Defendant that went through the training the company offered to obtain a Commercial Driver's License. The class size is so numerous that joinder of all members is impracticable. The size of the proposed class would be determined based on the individuals that went through training with the company and their schooling at the time the company promoted and advertised their schooling as alleged in the complaint within the statute of limitations.

a. Plaintiff maintains that as the class representative that he (1) has the interest and ability to represent the claims of the class vigorously given his counsel's experience in employment law as well as the facts of this case which are in commonality with the facts of the class described below (2) there are no conflicts of interest in this matter that would be deemed antagonistic to

other members of the class in the same action with the class representative or counsel.

b. This matter has common questions of law of fact of the named class for causes of action sections I - IV, cause of action V, up to paragraph 41, VI - VIII, X, XI (only paragraph 54 and 59) as it involves the training that was advertised and implemented and the compensation that class members received and the amount of tuition should be the same and the amount of compensation owed should be the same the general damages claimed for each class member would be for the tuition and lost wages of $12,000.

c. The nature of the plan to send notice would be to obtain the contact information of the individuals described in the class through Defendant and contact those individuals through regular mail or e-mail to allow them to agree to representation without further action or to apprise them of seeking their own private counsel, the same method would be implemented with a notice of any possible proposed settlement.

   i. If Defendant identifies individuals that do not speak English known to Defendant, Plaintiffs will translate the notice into their known language.

d. Plaintiff also maintains that prosecuting separate actions would create risk of inconsistent or varying adjudications and would establish incompatible standards given the nature of the contract and provision contained therein and that adjudicating this matter would not impair the interests or substantially impede the interest of a class member and that the questions of law or fact in this action predominate any questions affecting only individual members.

e. The course of the proceedings would be no different than a single proceeding, but for the notice to the class and obtaining information to properly identify the class which should be the first course of business in this matter and Plaintiff would request that the court order

Defendant to produce such information.

7a. Defendant as a trucking company offers individuals that have no experience in trucking a schooling program for consideration of working for the company for a period of time in exchange for tuition. If an employee is terminated prior to that period of time, then the tuition is paid in full per promissory note.

7. The school is ran by the company and has various locations throughout the United States. Defendant on its website, to potential students, promises that the company will pay for future employees schooling. Defendant on its website states that the school is "world class" "premier" and "considered among the best in the trucking industry." The company also promises a high amount of compensation for individuals who work their first year with C.R. England.

8. Students per promissory note have to pay over $5000 of tuition to attend this school. The company does not pay for any "on the job training" while at the school. Students have to pay for their own food and travel costs and they spend the majority of the time driving the company trucks. It is uncertain if the school is an accredited school and that the instructors have any kind of teaching certificates as school instructors. In the application to go to school, all that is asked is whether or not that individual can pass a drug test and what they were involved in any accidents, moving violations and or arrested for driving under the influence in the past five years.

9. The school promises that they will lodge the individuals and pay for the lodging. In Salt Lake City, students attend school at the company headquarters and sleep on cots provided by the company. In Indiana, students go to a Motel that is run-down and has poor customer reviews and is known as the "C.R. England Motel" per customer reviews.

10. The whole purpose of the schooling is so that individuals can pass the commercial driving test to receive their commercial driver's license. The company also promises to individuals that they are committed to safety within their business.

11. Once an individual has passed their test and has received their commercial driving license, they are put with phase 1 of training of being put with a trainer for one month and thereafter are put into phase 2 of training of being put with another trainer for a month and a half.

12. Thereafter, individuals are promised to receive promotions once training is complete. The problem with this system is that if the school is promising a promotion two months after training it puts into question their actual commitment to safety when they are placing an individual who just received their Commercial Driver's License into a position of overseership of another driver in area that is highly regulated by federal and state regulations and involves a job of operating a semi-truck on a high-speed freeway on the same road as the general public.

13. Also, the schooling program puts into serious question the company's motives on establishing a "world class" and "premier" school. Since students are required to pay their own tuition through consideration of time with the company or through payment of promissory note, this gives the company no incentive to screen individuals and determine whether or not they are or should be adequately equipped for operating a semi-truck.

14. The screening process is semmingly inadequate given the application provided on the company's website. Instead, the company is incentivized to allow "anybody" and "everybody" who submits an application and has an adequate and clean five-year history to attend their school so the school can profit off individuals without giving them just compensation

for their travel, food and time while at the school and allow the company to terminate individuals for future failures with the company and recover money from that employee.

15. Instead of the company compensating their new employees for the time they also put into the company in training, they have implemented a method where employees pay the company while they work for them. This is an investment that the employees are putting into the company since they are not receiving compensation for their time, and the employees do not receive a return on their investment.

16. The company in the initial contract with the employees, also allegedly put in a non-compete clause that is not reduced to geography, is not affiliated with any kind of investment the company has made with the employees in light of the tuition owed by the employees, does not address an employee that has a unique set of skills through time with the company and is instead to harass the employees to deter them from leaving the company for a competing company, the tuition that an employee owed to the company without completing the promised time is also further harassment and deterrent against the employee to leave and drive for another company.

II. **Allegations not related to the class and causes of action of the class.**

17. Troy Howard was hired by this company and signed an employment contract with them on August 8th, 2016. He was thereafter trained in Indiana for three weeks. He did not pass the driving part of the best for the start and had to retake it. Thereafter, Mr. Howard was put with a phase 1 trainer for a month.

18. Thereafter, Mr. Howard was put with another driver that was in the same school training as Mr. Howard. At or near the end of November of 2016, Mr. Howard was driving in the

truck in Texas when he was pulled over by police officers. Mr. Howard was accused of hitting a highway structure and leaving the scene. Mr. Howard denied the accusations against him and the other driver with Mr. Howard claimed it was him.

19. Mr. Howard was thrown in jail for the accident. He did not have any money to return home. The company did not contact Mr. Howard or give him compensation to return home. The company did not contact Mr. Howard about the accident or get his side of the story to further investigate the matter. The company was unsure who was behind the wheel at the time of the alleged accident. Despite this, the company terminated Mr. Howard.

20. Thereafter, the county in Texas dropped the charges against Mr. Howard. Mr. Howard through his attorney contacted the company and told them of the concerns regarding wrongful termination and failure to investigate and that the charges against him were dropped. The company offered Mr. Howard his job back as a result, with no back pay and Mr. Howard was still liable for payment of the tuition fees.

21. This offer was made in February of 2017 and Mr. Howard was unable to receive employment from the time of the termination to that month. Mr. Howard applied for other companies during that time and C.R. England would contact the companies and tell them that Mr. Howard was under a non-compete clause. These companies were scattered all about the United States.

22. As a result, Mr. Howard was unable to gain employment due to the company contacting other companies and advising them of the non-compete clause. After the non-compete clause had expired and Mr. Howard continued to interview with other companies, the company started to tell other companies that Mr. Howard had been in an accident.

23.     The employment contract with the company contains an arbitration clause. The employment contract also states the employer is not liable for the tuition if that individual did not breach the terms of the agreement. As a result, Mr. Howard now brings the following legal causes of action against defendant:

## LEGAL CAUSES OF ACTION

### I.     For Fraudulent Misrepresentation

24.     The representations of which Plaintiff reasonably and materially relied on in entering an employment contract with C.R. England.

25.     The representations of which C.R. England made so that Plaintiff would act upon the representation as reasonably contemplated.

26.      and the representations of which Defendant knowingly made or recklessly made to induce Plaintiff to enter into an education and employment agreement with Defendant.

    A.     For misrepresenting to Plaintiff that he would be trained and hired prior to hiring him.

    B.     For misrepresenting to Plaintiff that the company had a "school" under the guidelines of accreditation and teaching certificates which required the need for tuition payment for the company's' employees.

    C.     For misrepresenting to Plaintiff the rate of pay he would receive during his first year of working with the company.

    D.     For misrepresenting to Plaintiff that the company had a "Premier" truck driving school.

E. For misrepresenting to Plaintiff that the company had a "World-Class" truck driving school.

F. For misrepresenting to Plaintiff that the company had a truck driving school that was "considered among the best in the trucking industry."

G. For misrepresenting to Plaintiff that "tuition" would be covered by the company.

H. For misrepresenting to Plaintiff that "Your truck driver training will not only be done in the classroom, but also on the truck. With instructive over-the-road work, Premier's truck driving students are fully prepared to drive a truck and drive it safely."

I. For misrepresenting to Plaintiff that "By attending Premier truck driving school you will know that you are receiving the best truck driver training available."

J. For misrepresenting to Plaintiff that he would be trained after his schooling through phase 1 and phase 2

K. For misrepresenting to Plaintiff that his first pay day would be on the second Tuesday that he was hired.

L. For misrepresenting to Plaintiff that he would have a new career in truck driving with the company.

M. For misrepresenting to Plaintiff how much he would be paid in his first year as a truck driver.

N. For misrepresenting to Plaintiff the company's adherence to safety and driver safety.

   O. For misrepresenting that the "school" and the company were two separate entities which requires no compensation to employees while training on the job in violation of the Fair Labor Standards Act in regards to employee compensation for employer training.

   P. For misrepresenting the ability for "career advancement" while done with training.

 27. And that defendant was the proximate cause of the injury toward plaintiff and that plaintiff was injured thereby.

 28. And Plaintiff was damaged thereby for not receiving the benefit of the bargain of the alleged promises in relation to schooling, training, pay, careers, advancement and safety in the alleged advertisement.

## II. Fraud in the inducement and contract rescission

 29. Plaintiff also contends that due to these representations based on fraud, that the contract that he entered into was induced through fraud and that the provisions of the non-compete clause and the arbitration clause are unenforceable against Plaintiff. *See Mecham v. Benson*, 590 P.2d 304, 307-08 (Utah 1979)

## III. Promissory Fraud

 30. In that defendant made a deceitful promise to defendant in regards to entering into an employment contract with him; accompanied by the present intention not to perform it,

 31. Made for the purpose of deceiving Plaintiff and inducing him to act where otherwise he would not have done so and by virtue of which he part with his money or property *see Cerritos Trucking Co. v. Utah Venture No. 1*, 645 P.2d 608, 611 (Utah 1982)

32. And Plaintiff was damaged thereby for not receiving the benefit of the bargain of the alleged promises in relation to schooling, training, pay, careers, advancement and safety.

### IV. For violation of the consumer protection provisions under the Utah Code

33. Utah Code 13 5a-101 For "Unfair competition" for an intentional business act or practice that is unlawful, unfair or fraudulent and Leads to a material diminution in value of intellectual property and is one of the following: predator hiring practices."

34. It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to offer to sell consumer commodities went the offer is not a bona fide effort to sell the adtervisted consumer commodities. An offer is not a bona fide if:

35. A supplier uses a statement or illustration in any advertisement which would create in the mind of a reasonable consumer a false impression of the grade, quality, quantity, value, usability, or origin of the consumer commodities offered or which otherwise misrepresents the consumer commodities offered or which otherwise misrepresents the consumer commodities in such a manner that, on subsequent disclosure or discovery of the true facts, the consumer is diverted from the advertised consumer commodities to other consumer commodities.

36. An offer is not bona fide, even though the true facts are made known to the consumer before he views the advertised consumer commodities, if the first contact or interview is secured by deception. Plaintiff maintains and incorporates the facts contained herein and maintained that such occurred in this instant based on the schooling and its advertisements and promises.

### VI. For Unjust Enrichment

46. For C.R. England being unjustly enriched for the services rendered upon the company for:

    A. for failing to pay Plaintiff during his time in school while employed by the company and instead making Plaintiff pay for his own food and not compensating for his time and business related expenses such as food during his training with the company and the benefit that Plaintiff put on the company in working and training with them.

    B. For unjust enrichment for forcing Plaintiff to pay for his own on-the-job training while employed by the company through the tuition owed by the company and through the promise to pay for the training.

### VII. For misappropriation of employment funds

47. For wrongfully appropriating earned funds through hours worked with the company by employees through the training that the employees received, the earned funds of which were wrongfully appropriated to the company instead of to the employee of whom rendered the work for the company.

### VIII. For enforcing a non-compete clause that was not legally valid under Utah law

48. For enforcing a non-compete clause that was not related to an "investment" made on Plaintiff as Plaintiff did not have a unique set of skills or knowledge that was valuable to the company.

49. That it was not related to an "investment" as the students were the ones that were to bear the burden of the schooling through non-payment of wages through their on-the-job training and for consideration of working for the company for 9 months in exchange for the "tuition."

50. That if an individual was to be terminated or leave the job prior to 9 months, the "tuition" was due in full per promissory note as was the case in this instance.

51. That the purpose of the non-compete clause was only for the use to have an advantage against other competitor companies to keep them from hiring their drivers.

    a. That the non-compete clause was not limited in scope in geography and Mr .Howard was barred from applying to other trucking companies all over the United States.

### IX. For breach of contract

52. For breaching the terms of the mutually agreed-upon contract unilaterally without just cause for failure to investigate the matter first before breaching the terms of the contract.

### X. For violation of the minimum wage laws enacted under the Fair Labor Standards Act

53. "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates."

    a. Mr. Howard was engaged in the production of goods for commerce during his training with C.R. England which required just compensation for the time spent while with the company.

    b. That the "schooling" that Mr. Howard attended was training by the company and required compensation from the company during that time.

    c. For violation of the Fair Labor Standards Act of 1938 section 206 and 207 regarding minimum wage and overtime, for not compensating employees for work conducted during their training with the benefit they bestowed on the

company and instead making employees pay their own way through the training without compensation of food and miles and hours worked and instead making the employees pay the company back for the work conducted through promise to work for the company for nine months or through promissory note as well as under Utah Code 34a-28-3.

### XI. For breach of good faith and fair dealing

54. For breaching the implied covenant of good-faith and fair dealing in the companies' advertising and promises made which were broken,

55. For failing to investigate the matter regarding Troy Howard and his accident before terminating him.

56. For terminating the contract entered in with Mr. Howard but still enforcing the non-compete clause against him.

57. For terminating Mr. Howard and then thereafter extending another job offer to him after finding that Texas had dropped the charges filed against him.

58. For leaving Mr. Howard stranded in Texas where he was placed by the company and forcing him to pay for his way home.

59. For breaching the implied covenant of good-faith and fair dealing in promising Mr. Howard proper training for his new career of which was breached when Mr. Howard did not receive the adequate training he was promised and was driving truck with someone he went to school with two months after receiving his Commercial Driver's License.

### XII. For breach of warranty

60. For breaching the promise owed to Plaintiff in regards to the warranties C.R. England made in relation to:

    A.      school training,

    B.      the type of schooling Plaintiff would receive,

    C.      promises to pay for tuition,

    D.      promises of receiving the best truck driving training available,

    E.      for the promise of a new career,

    F.      promises made in regards to pay and pay rate,

61. The promises and warranties of which were breached by C.R. England and Plaintiff has been injured thereby.

### XII. For Intentional Infliction of Emotional Distress

62. For intentionally or with reckless disregard, or negligently inflicting emotional distress upon Plaintiff

    A.      through the promises made toward Plaintiff in regards to his future career choice,

    B.      for the promise of pay and schooling and the promise of training,

    C.      for intentionally inflicting emotional distress on Plaintiff for enforcing an enforceable non-compete clause against Plaintiff of which made it impossible for him to receive employment elsewhere with his new Commercial Driver's License,

    D.      and demanding that he pay for the companies' on the job-training

    E.      and unjustifiably negotiating with Plaintiff to pay for that tuition before hiring him again,

    F.    for leaving Plaintiff stranded in Texas thousands of miles away from home without any money and expecting him to find a way home,

    G.    for terminating Mr. Howard from employment before investigating and talking to him about the incident,

    H.    for putting Mr. Howard in a position that ruined his career before he even started with the breach of promises and failure to train Mr. Howard

63.    which was extreme and outrageous behaviour which was the proximate cause Mr. Howard's injuries and he has been emotionally distressed as a result.

### XIII. For Wrongful Termination

64.    For wrongful termination, for terminating Mr Howard for cause without a proper investigation and without following proper procedures implemented by the company in regards to termination for cause falling under the breach of good-faith and fair dealing, for terminating Mr. Howard before any charges were brought against him which were ultimately dropped and then offering to give Mr. Howard his job back after the knowledge of the dropped charge.

### XIV. General Negligence

65.    That C.R. England was negligent in their hiring, schooling practices and training practices for new truckers, of which they owed a duty to.

    A.    That C.R. England was the proximate cause that led to Plaintiff and his termination in their failure to train as a result of the negligence.

    B.    and that Plaintiff was injured thereby in the company's' failure to adequately train new truck drivers in the loss of employment and the termination and truck accident which was placed on Plaintiff's driving report.

## DAMAGES

66. As a result of what has occurred, Plaintiff now seeks general damages for his causes of action in contract and tort, including lost wages and benefits past and future in the amount of not less than $220,000

    a. In addition to $12,000 for the tuition payments and unpaid wages and benefits (This damage is applicable to the class action).

67. Plaintiff now seeks consequential damages and out of pocket expenses for his causes of action in contract and tort in the amount of $45,000.

68. Plaintiff now seeks special damages for his causes of action in tort for the pain and suffering he has incurred not less than $120,000.

69. Plaintiff now seeks expectation damages for the breach of warranty not less than $220,000.

70. Plaintiff now seeks for attorney fees and costs for the causes of action brought on this matter, as well as interest fee.

71. Finally, given the knowingly and or reckless behavior of the company Plaintiff also seeks punitive damages for the damages of what has incurred as a penalty fee to what Mr. Howard has suffered and to deter any future harm to individuals not less than three times than the amount pleaded in this complaint.

## JURY DEMAND

72. Plaintiff hereby requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in the following manner:

a) General damages for the causes of action in tort tort and contract;

b) Consequential damages for the causes of action in tort and contract.

c) Special damages for all of Plaintiff's injuries and harms and causes of actions arising under that harm;

d) Pre- and post-judgment interest, to the extent allowed by law;

e) Cost, expenses, and attorneys' fees to the extent allowed by law;

f) Consequential damages and out-of-pocket expenses

g) Exemplary damages and or punitive damages to be determined by the jury of which Plaintiff requests to be at least three times the amount of the actual damages.

## DECLARATION OF PLAINTIFF

I Troy Complaint declare under penalties of perjury that the following allegations above are true and correct to the best of my knowledge, that I am the Plaintiff in this matter and that I over 18 years of age.

Declared this 16th day of February, 2018.

/s/ Troy Howard
Troy Howard
Plaintiff
(With Permission)

DATED this 28th day of March, 2018

/s/ Brian K. Jackson
Brian K. Jackson
Brian K. Jackson, LLC
*Attorney for Plaintiff*